UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE HULSEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-03057-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will deny plaintiff's motion for summary judgment, and grant the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on January 31, 2014 and for supplemental security income on January 31, 2014. Administrative Record ("AR") 12.[2] The disability onset date for both applications was alleged to be July 1, 2013. Id. The applications were disapproved initially and on reconsideration. Id. On September 18, 2015, ALJ E. Alis presided over a hearing on plaintiff's challenge to the disapprovals. AR 36-67 (transcript). Plaintiff was present and testified at the hearing. AR 12. Plaintiff was represented by LaJuan E. Wood, an attorney, at the hearing. Id. Also at the hearing was David M. Dettmer, an Impartial Vocational Expert. Id.

On December 21, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 12-28 (decision), 29-33 (exhibit list). On November 17, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on December 30, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion), 22 (plaintiff's reply brief).

## II. FACTUAL BACKGROUND

Plaintiff was born on May 28, 1955, and accordingly was 58 years old on the alleged disability onset date, making her a "person of advanced age" (age 55 or older) under the regulations. AR 68; see 20 C.F.R §§ 404.1563(e), 416.963(e) (same). Plaintiff has at least a high school education, and can communicate in English. AR 21, 210.

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 12-10 (AR 1 to AR 590).

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comm'r., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since July 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the cervical spine and bilateral carpal tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can occasionally climb ramps and stairs, and occasionally climb ladders, ropes and scaffolds. She can frequently balance, stoop, kneel and crouch, and occasionally crawl. She can occasionally reach overhead bilaterally, and is unlimited with regard to bilateral reaching in all other directions. She is limited to frequent handling and fingering with her non-dominant left upper extremity, and is unlimited with regard to handling and fingering with her right upper extremity.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a cashier-checker, gambling cashier, phlebotomist and bank teller. This work does not require the performance of work-related activities precluded by the claimant's residual functional

| | |
|---|---|
| 1 | capacity (20 CFR 404.1565 and 416.965). |
| 2 | 7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2013, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)). |
| 3 | |

AR 14-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 27.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) finding plaintiff had "past relevant work" at Step Four; (2) making findings that conflict with the definitions of the Dictionary of Occupational Titles and Department of Labor vocational analysis; (3) failing to apply the Medical Vocational Guidelines; and (4) failing to support the findings on plaintiff's non-exertional limitations, pain and mental illness with substantial evidence. ECF No. 14 at 15. Specifically, with respect to plaintiff's last challenge, plaintiff argues that the ALJ should have counted her mental illness as a severe impairment at Step Two.

### A. The ALJ Did Not Err in Finding Plaintiff Had Past Relevant Work

Plaintiff alleges the ALJ erred at Step Four by finding that she was not disabled because she could perform her past relevant work. Substantial evidence supports the ALJ's decision. At Step Four of the sequential evaluation process, a disability claimant bears the burden of proving that she cannot perform her past relevant work. See 20 C.F.R. § 404.1520(f); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986) ("[t]he claimant has the burden of proving his inability to return to his former type of work and not just to his former job"). The Commissioner's regulations define past relevant work as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).

The court agrees with the Commissioner and the ALJ that plaintiff has not met her burden of showing that she cannot perform (at least) her past relevant work as a casino cashier and as a phlebotomist. Plaintiff worked as a casino cashier for six months in 2012, earning $6,069.01 over

that period. AR 195, 231. Plaintiff's 2012 work was within fifteen years of the ALJ's decision in 2015. Plaintiff's casino cashier work was substantial gainful activity because she earned at least $1,010 per month. See Social Security, "Substantial Gainful Activity," available at https://www.ssa.gov/oact/cola/sga.html (retrieved March 19, 2018) (setting forth substantial gainful activity thresholds by year). Finally, plaintiff performed the work for long enough to learn the job; the vocational expert testified that this job had a specific vocational preparation (SVP) level of 4. AR 59. SVP 4 requires over 3 months and up to 6 months to learn, so Plaintiff's casino cashier work for six months satisfied this requirement. See U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1990), Appendix C.

This work satisfies all the elements of past relevant work. Plaintiff's argument that she worked limited hours is not relevant; the past relevant work analysis depends on the amount earned, not the hours worked. 20 C.F.R. § 404.1572(a) ("[y]our work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before").

Though plaintiff's casino cashier work is sufficient, the court notes plaintiff's 2012 work as a phlebotomist also meets the past relevant work requirement. It likewise took place in 2012, and thus meets the "past fifteen years" requirement. AR 231. Plaintiff earned $3,134.26 over three months, surpassing the $1,010 per month requirement. AR 195. Plaintiff performed this job long enough to learn how to do it; she worked from October 2012 to December 2012, and the vocational expert testified that a phlebotomist was SVP 3[3], meaning it required between one and three months to learn. See Dictionary, Appendix C, AR 59, 231. Plaintiff's work as a phlebotomist is past relevant work. The ALJ did not err at Step Four.

B. <u>The ALJ's Findings Are Consistent With The Dictionary of Occupational Titles</u>

Plaintiff argues the ALJ erred by finding plaintiff could work in occupations that require constant fingering, while simultaneously limiting plaintiff to "frequent handling and fingering

---

[3] The VE testified that phlebotomist, while currently classified as a 3, is "probably about 4 or 5 in the present labor market, not a 3." AR 59. Because the position is currently classified as a 3 by the Department of Labor, the court relies on that classification.

with her non-dominant left upper extremity." ECF No. 14 at 20, AR 21. Plaintiff ignores that the ALJ placed no limitation on handling or fingering for plaintiff's right upper extremity, which is also her dominant extremity. AR 21. Plaintiff's argument is baseless; the ALJ did not err.

### C. The ALJ Was Not Required to Use The Grids

Plaintiff' argues that the ALJ was required to use the Medical-Vocational Guidelines (the "Grids"), 20 C.F.R. § 404, supbt. P, app. 2, in his analysis citing <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111 (9th Cir. 2006). ECF No. 14 at 21. As <u>Lounsburry</u> states, "The grids are applied at the fifth step of the analysis under 20 C.F.R. § 404.1520[.]" <u>Lounsburry</u>, 468 F.3d at 1114. As discussed above, the ALJ found plaintiff was capable of past relevant work at Step Four, and therefore did not (and was not required to) reach Step Five. AR 27. The ALJ did not err.

### D. The ALJ Did Not Err at Step Two Regarding Plaintiff's Mental Limitations

Plaintiff alleges that the ALJ erred by failing to find that plaintiff's depression and anxiety were "severe" at Step Two. At Step Two, the ALJ was required to determine whether plaintiff had any "severe" impairments. See 20 C.F.R. § 404.1520(a)(4)(ii), (c); Titles II & XVI: Evaluation of Symptoms in Disability Claims (SSR 16-3p), 81 Fed. Reg. 14,166, 14,171 (March 16, 2016) ("[a] 'severe' impairment 'is one that affects an individual's ability to perform basic work-related activities'"). Since plaintiff alleged that she was disabled, at least in part, by the mental impairments of depression and anxiety, the ALJ was required "to follow a special psychiatric review technique." <u>Keyser v. Comm'r.</u>, 648 F.3d 721, 725 (9th Cir. 2011); 20 C.F.R. § 404.1520a(a) (in evaluating the severity of mental impairments, "we must follow a special technique at each level in the administrative review process").

1. <u>Special psychiatric review technique</u>

   a. <u>Medically determinable impairment</u>

First, under this technique, the ALJ must first determine whether plaintiff has "a medically determinable mental impairment(s)...." 20 C.F.R. § 404.1520a(b)(1). The ALJ found that defendant's depression, anxiety, and "mental/mood disorder" were medically determinable. AR 19.

////

### b. Rating the degree of functional limitation

Second, the ALJ must "rate the degree of functional limitation resulting from the impairment(s)" in four specific functional areas. 20 C.F.R. § 404.1520a(b)(2), (c). The ALJ must rate the degree of limitation in the first three areas—activities of daily living; social functioning; concentration, persistence, or pace—using "the following five-point scale: None, mild, moderate, marked, and extreme." Id. § 404.1520a(c)(4). The ALJ must rate the degree of limitation in the final area—episodes of decompensation—using "the following four-point scale: None, one or two, three, four or more." Under his analysis, the ALJ rated plaintiff's limitations as: "mild" in the activities of daily living; "no limitation," in social functioning; "mild," in concentration, persistence or pace; and none, in episodes of decompensation. AR 18-19.

### c. Severity of functional limitation

Third, the ALJ must use the ratings to determine the severity of the mental impairment. If the degree of limitation in the first three functional areas is "none" or "mild," and the degree of limitation is "none" in the fourth area, the impairment is "not severe," unless "the evidence otherwise indicates that there is more than a minimal limitation" in the plaintiff's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1). However, if the ALJ finds that the functional limitation in even one of these areas is "extreme" (or finds four or more episodes of decompensation), then that rating "represents a degree of limitation that is incompatible with the ability to do any gainful activity." Id. In other words, even though this technique is being applied at Step Two, a sufficiently severe rating—one that recognizes "extreme" limitations in even one functional area—will render the plaintiff disabled without any need to proceed through the rest of the sequential analysis. Id. The ALJ here, after concluding that plaintiff's limitations were "none" or "mild" ratings in the first three areas, and a "none" rating in the fourth—found that plaintiffs mental impairment was "nonsevere." AR 19.

### 2. Resolution

Plaintiff argues that the ALJ erred at the Second Step, and that in fact there is no substantial evidence to support the ratings the ALJ assigned or the "nonsevere" conclusion he reached. See ECF No. 14 at 26. Upon review, the court finds the ALJ's conclusions were well

9

supported by substantial evidence. The ALJ primarily based his severity ratings on medical records in which plaintiff's mental status examinations were "generally unremarkable," an examination by psychiatrist Antoinette Acenas, M.D., made at the request of the Agency, an evaluation by Robert L. Morgan, Ph.D., made prior to plaintiff's bariatric surgery, and plaintiff's testimony. AR 17-18.

Plaintiff presents two arguments: that the ALJ improperly found plaintiff's mental health limitations did not meet the 12-month durational requirement for severity, and that the ALJ did not adequately to develop the record in response to a note from Dr. Morgan that Plaintiff had "[b]rief sessions with a therapist one year ago regarding family issues." AR 17, 423.

### a. The ALJ's 12 Month Durational Comment Was Harmless Error

Plaintiff is correct that the ALJ made an off-hand comment, which is not supported by the record, that the plaintiff's mental health symptoms did not meet the 12-month durational requirement for severity. AR 17. A medical record from January 7, 2014 notes that plaintiff's "diagnosis of depression was made several years ago." AR 355. Under "Mental Health History," plaintiff's provider noted she suffered from "Acute Stress Disorder" and "Major Depression (with seasonal pattern)." Id. The report from Dr. Acenas of MDSI Physician Services dated March 28, 2014 states that plaintiff presented with "lifelong depression and anxiety" that became considerably worse following an accident in 2000 involving her daughter. AR 381. The ALJ's conclusion that plaintiff's mental health symptoms do not meet the durational requirement of the Act is unsupported.

Nonetheless, this error does not warrant reversal of the ALJ's decision because it is harmless. The ALJ did not base his determination on the durational requirement; as is evidenced at AR 17-20, and discussed further below, the ALJ engaged in a complete and full analysis of plaintiff's mental health impairments. The comment regarding duration, while in error, appears to have had no impact on the ALJ's determination that plaintiff's mental health limitations are nonsevere. AR 20 ("Based on the overall weight of the entire medical record and the opinions of Drs. Acenas, Morgan, Flocks and Caruso-Radin, I find the claimant's depressive disorder and anxiety disorder nonsevere.") "A decision of the ALJ will not be reversed for errors that are

harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

### b. The ALJ Did Not Fail to Develop The Record

Plaintiff contends that the ALJ had a duty to develop the record because Dr. Morgan noted that Plaintiff once had "[b]rief sessions with a therapist one year ago regarding family issues." AR 423. The argument lack merit. An ALJ has a duty to develop the record only where the record is ambiguous or insufficient to reach a conclusion. See McLeod v. Astrue, 634 F.3d 516, 520 (9th Cir. 2011) (amended opinion).

Here, the ALJ had the substantial evidence of multiple medical source opinions supporting a non-severe mental impairment, and was not required to further develop the record regarding the "brief sessions" regarding family issues. The ALJ did mention the "brief sessions" in his opinion, disregarding the single medical note because "the medical record does not contain evidence of treatment." AR 17 n.2. Further, the record already contained in-person examinations by Dr. Acenas in March 2014 and Dr. Morgan in February 2015. The potential existence of records from brief sessions with a family therapist in early 2014 does not justify remand because the record was sufficiently clear for the ALJ to reach his conclusion, as further discussed below.

### c. The ALJ's Conclusion is Supported by Substantial Evidence

The ALJ's finding that plaintiff had only (1) mild restrictions in activities of daily living, (2) mild difficulties in maintaining concentration, persistence, or pace, (3) no difficulties in maintaining social functioning, and (4) no episodes of decompensation is supported by substantial evidence. AR18-19. These findings support a conclusion of a non-severe mental impairment. See 20 C.F.R. § 404.1520a(d)(1).

The ALJ's findings are supported by the expert opinions of Dr. Jay S. Flocks (AR 74) and Dr. Phaedra Caruso-Radin (AR 94-95). AR 20. Both Dr. Flocks and Dr. Caruso-Radin are experts in Social Security disability evaluation. See 20 C.F.R. § 404.1527(e)(2)(i). They reviewed and considered the evidence of record and explained and based their conclusions on that review. AR 72-73, 93. Their conclusions constituted substantial evidence upon which the ALJ could rely to find a non-severe mental impairment. See 20 C.F.R. §§ 404.1527(c)(3) (ALJ considers how well a medical source supports his or her opinion), (6) (ALJ considers how

familiar a medical source is with Social Security disability programs).

The ALJ also supported his finding also with examining physician Dr. Acenas's opinion. AR 19. Dr. Acenas found that plaintiff would have no impairment in performing any work activities. AR 383-84. The ALJ appropriately relied on this opinion to support a non-severe finding. See 20 C.F.R. §§ 404.1520a(d)(1), 1521(a). The ALJ also noted that medical records reflected plaintiff's improvement with treatment and normal mental status examinations. AR 19, 293 (normal mental status); 316 (much improved affect); 361 (Effexor medication is helping with depression); 364 ("doing well without any significant affective symptoms"); 400 (same); 544-45 (denies depression or anxiety, normal mood); 531-32, 535-36 (same); 425-26 (euthymic mood, full and appropriate affect, normal memory, insight, judgment, attention, and concentration); 443 (very pleasant and happy). In light of Dr. Flocks and Dr. Caruso-Radin's expert opinions, examining physician Dr. Acenas's opinion, and plaintiff's treatment records, substantial evidence supports the ALJ's finding that plaintiff did not have a severe mental impairment. Accordingly, reversal is not warranted.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: March 20, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE